UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BEATRICE L. VANNORMAN                                                              PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:11-cv-416-DPJ-FKB

STONEBRIDGE LIFE INSURANCE CO.                                            DEFENDANT

ORDER

This case is before the Court on the Defendant Stonebridge Life Insurance Company's (Stonebridge) Motion to Dismiss [5]. The Court, having considered the issues and the parties' submissions in light of the applicable standards, finds that Stonebridge's Motion should be granted.

I.    **Facts and Procedural History**

Beatrice VanNorman purchased a Stonebridge accidental death and dismemberment policy covering herself, her spouse, and her children. Def.'s Mot. To Dismiss [5] Ex. 2 at 1. At the time she purchased the policy, VanNorman was married; however, her marriage ended in December, 2010. Her ex-husband died on March 29, 2011. Sometime thereafter, VanNorman filed a claim with Stonebridge for her ex-husband's accidental death benefits. Stonebridge denied VanNorman's claim because her policy specifically excluded ex-spouses. Def.'s Mot. to Dismiss [5] Ex. 2 at 5. After Stonebridge denied her claim, VanNorman filed suit in the Circuit Court of Amite County, Mississippi, alleging that Stonebridge breached the insurance contract and its fiduciary duty to her, and that Stonebridge's denial of the claim and ambiguous policy language constituted a breach of the duty of good faith and fair dealing. Pl.'s Compl. [4] at 5–6. Stonebridge removed the case [1] to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

1

Stonebridge then filed its Motion to Dismiss [5] and VanNorman responded in opposition [8, 10].

## II.     Standard of Review

As a preliminary matter, Stonebridge and VanNorman each use a different standard of review.  Stonebridge argues under the Fed. R. Civ. P. 12(b)(6) standard while VanNorman argues that Miss. R. Civ. P. 12(b)(6) applies.  VanNorman's argument fails.  "[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 418, 427 (1996).  "Motions to dismiss are purely procedural questions . . . ."  *OLA, LLC v. Builder Homesite, Inc.*, 661 F. Supp. 2d 668, 671 (E.D. Tex. 2009) (citing *CoreBrace, LLC v. Star Seismic, LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009)).  This Court applies the Fed. R. Civ. P. 12(b)(6) standard to its cases based in diversity.  *Salem v. J.P. Morgan Chase & Co.*, No. 3:11cv421, 2009 WL 4738182, *1 (S.D. Miss. Dec. 4, 2009).

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations and footnote

omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements."  *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Iqbal*, 129 S. Ct. at 1965).

Stonebridge and VanNorman also disagree as to whether this Court may properly consider the Certificate of Insurance referenced in VanNorman's complaint and attached to Stonebridge's Motion to Dismiss [5] Ex. 2.  Stonebridge argues under the federal procedural rules and VanNorman under Mississippi's procedural rules.  Again, VanNorman's reliance on Mississippi procedural law is misplaced.  *OLA, LLC*, 661 F. Supp. 2d at 671.  Federal procedural law is clear that "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim."  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *see also Sullivan v. Leor Energy LLC*, 600 F.3d 542, 546 (5th Cir. 2010); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.

3

2007).   In doing this, the defendant "merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).   Stonebridge attached the Certificate of Insurance to its Motion to Dismiss Def.'s Mot. To Diss. [5] Ex. 2.   The Certificate forms the basis of and is referenced throughout VanNorman's complaint.   Pl.'s Compl. [4].   Therefore, this Court will consider the Certificate of Insurance in making its determination.

**III.     Analysis**

    A.     Breach of Contract

VanNorman alleges Stonebridge is in breach of its contract for failure to pay VanNorman the accidental death benefits she believes she is owed.[1]   Stonebridge argues VanNorman is not entitled to these benefits under the plain language of the contract.   "The interpretation of an insurance policy is a question of law, not one of fact." *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009) (citing *Noxubee Cnty Sch. Dist. v. United Nat'l Ins. Co.*, 883 So. 2d 1159, 1165 (Miss. 2004)).   In Mississippi, "[i]nsurance policies are contracts, and as such, they are to be enforced according to their provisions." *Noxubee Cnty Sch. Dist.*, 883 So. 2d at 1166 (citations omitted).   "Thus, insurance companies must be able to rely on their statements of coverage, exclusions, disclaimers, definitions, and other provisions, in order to receive the benefit of their bargain . . . ." *Id.*

---

[1] Stonebridge applies Mississippi substantive law in addressing VanNorman's three claims.   VanNorman's brief focuses solely on her contention that a different standard of review should apply.   VanNorman fails to address any of the three substantive arguments Stonebridge raises in its Motion to Dismiss or to provide any alternative interpretations of substantive law. Mississippi substantive law appears to apply.

"[I]f a contract is clear and unambiguous, then it must be interpreted as written." *Corban*, 20 So. 3d at 609 (citing *U.S. Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008)). "Ambiguities exist when a policy can be logically interpreted in two or more ways, where one logical interpretation provides for coverage. However, ambiguities do not exist simply because two parties disagree over the interpretation of a policy." *Id*.

Here, Stonebridge's Certificate of Insurance states that "Covered Persons" include spouses. Def.'s Mot. to Dismiss [5] Ex. 2 at 2. The Certificate also states, however, that "[i]f your spouse ceases to be your spouse for reasons other than your death, your spouse will no longer be covered as of the next monthly renewal date." *Id.* at 5. As Stonebridge points out, the accepted, common-sense, definition of spouse is a "married person: husband: wife." Def.'s Mem. in Supp. of Mot. to Dismiss [6] at 5. In neither her Complaint [4] nor her Response to Stonebridge's Motion to Dismiss [10] does VanNorman propose an alternative definition of spouse. VanNorman merely alleges that the contract is ambiguous as to the meaning of spouse without offering further explanation or interpretation of the word.

Whether a contract is ambiguous is a legal conclusion and this Court is not required to accept as true legal conclusions plead by VanNorman. *Iqbal*, 129 S. Ct. at 1949. VanNorman is required to plead facts which would raise her claim from speculative to plausible. *Twombly*, 550 U.S. at 570. She fails to do so. In fact, her Complaint belies her claim. VanNorman's Complaint states that "at the time the insurance policy was purchased in April, 2003 through December, 2010, the Plaintiff's spouse was Laysol VanNorman." Pl.'s Compl. [4] ¶ 11. In other words, the VanNormans divorced sometime in or after December, 2010. Thus, it is clear, from VanNorman's own Complaint, that Mr. VanNorman was no longer her spouse when he died on

5

March 29, 2011.  Because the plain language of Stonebridge's insurance policy specifically excludes former or ex-spouses from coverage, VanNorman's claim for insurance benefits covering her ex-husband's death must fail.  Therefore, VanNorman fails to state a claim for breach of contract.

### B. Breach of Fiduciary Duty

VanNorman's second claim, for breach of fiduciary duty, also fails.  Established Mississippi law recognizes that an insurance contract is an arms' length transaction out of which no fiduciary duty arises.  *Gorman v. Se. Fidelity Ins. Co.*, 621 F. Supp. 33, 38 (S.D. Miss. 1985); *Estate of Jackson v. Miss. Life Ins. Co.*, 755 So. 2d 15, 24 (Miss. 1999) (holding that "[t]here is no fiduciary obligation between the insured and the insurer; that is an arms' length contract between two parties"); *Taylor v. S. Farm Bureau Cas. Co.*, 954 So. 2d 1045, 1048 (Miss. Ct. App. 2007) (holding that the "purchase of insurance is deemed to be an arms-length transaction, and accordingly no fiduciary duty arises"); *Langston v. Bigelow*, 820 So. 2d 752 (Miss. Ct. App. 2002) (holding the same).

VanNorman's complaint alleges that "Defendant has a fiduciary duty to act with care and loyalty to the plaintiff, [and] [t]he Defendant's summary denial of the Plaintiff's claim, despite the facts as recited herein, constitutes a breach of their fiduciary duty."  Pl.'s Compl. [4] ¶ 26–27.  Again, VanNorman makes conclusory claims and misinterprets applicable Mississippi law.  Mississippi law is clear that no fiduciary duty exists between the insurer, Stonebridge, and the insured, VanNorman.  VanNorman points to no case law which would support her contention that Stonebridge's proper denial of her claim for benefits somehow creates this fiduciary duty.  In short, VanNorman fails to plead any facts which would raise her claim from speculative to

plausible. Therefore, VanNorman's claim for breach of fiduciary duty must fail.

      C.      Breach of Covenant of Good Faith and Fair Dealing

VanNorman's third claim alleges that Stonebridge breached its duty of good faith and fair dealing by denying her claim and by writing an ambiguous insurance policy. Stonebridge argues there can be no breach of the duty of good faith and fair dealing without an underlying breach of contract. As VanNorman fails to explain how under either standard of review her claim could succeed, she waives this claim. Stonebridge's argument otherwise seems meritorious under the facts of this particular case. Accordingly, VanNorman fails to state a claim for the breach of good faith and fair dealing.

## IV.    Conclusion

The Court has considered all arguments raised in the parties' submissions. For the reasons stated, the Court finds that VanNorman has failed to state a claim upon which relief can be granted and Stonebridge's Motion to Dismiss is granted. A separate judgment will be entered in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 7th day of February, 2012.

                              s/ *Daniel P. Jordan III*
                              UNITED STATES DISTRICT JUDGE